William Dwayne YOUNG, Plaintiff,

v.

MUNICIPALITY OF BETHEL PARK, a Home Rule Charter Municipality, and Joseph M. Kletch, Chief of Police, individually, Defendants.

Civ. A. No. 85–2989.

United States District Court, W.D. Pennsylvania.

Oct. 28, 1986.

Zan Ivan Hodzic, Pittsburgh, Pa., for plaintiff.

Larry P. Gaitens, Gaitens & Tucceri, P.C. Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

COHILL, Chief Judge.

This case is before us on defendants' motion to dismiss plaintiff's complaint. After careful consideration of the briefs filed and the relevant law, we will deny defendants' motion.

*Background*

The plaintiff, William Dwayne Young, is a resident of Allegheny County, Pennsylvania. The defendant, Municipality of Bethel Park, is a Home Rule Charter Municipality created and existing under the laws of Pennsylvania. Plaintiff was employed by Bethel Park as a patrolman and supervised by defendant, Joseph M. Kletch, the Bethel Park chief of police.

The complaint filed by plaintiff alleges violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Pennsylvania law of defamation. Jurisdiction is based on 28 U.S.C. § 1343, which provides a federal forum for alleged civil rights violations, and, as to the state law claim, the doctrine of pendent jurisdiction.

The material facts are not in dispute. By letter dated November 19, 1985, defendant Kletch suspended the plaintiff for thirty days without pay, accusing him of several violations of the Bethel Park Police Civil Service Rules and Regulations ("C.S.R. R."). The letter notifying plaintiff of his suspension further advised him that he could appeal the charges to the Bethel Park Civil Service Commission for a hearing. The defendant Municipality's employment of police officers is governed by the C.S.R.R.

Plaintiff bases his claim on alleged violations of §§ 203 and 1105 of the C.S.R.R., which provide:

**SECTION 203**

No person shall hereafter be suspended, removed or reduced in rank in the Police Department except in accordance with the provisions of these Rules.

**SECTION 1105**

A. When disciplinary action is taken, the authority instituting the action shall notify the employee with a written statement of the charges made against the employee, within five (5) days after disciplinary action takes place. The statement of charges shall include a notice of the right to appeal and the right to a hearing. A copy of the written statement shall be filed with the Secretary of the Commission.

B. When disciplinary action involves removal from the Police Department or suspension without pay for thirty (30) days or longer, no such removal or suspension shall be effective until the employee has been given written notice detailing the charges against the employee together with a notice of the right to file a written response with the Civil Service Commission within forty-eight (48) hours of delivery of notice of the charges.

C. Upon timely receipt by the Commission of a written response filed by any employee, as provided in (B) above, the Commission shall consider the charges, the response and such other relevant information available to the Commission and make a preliminary determination as to whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed discipline.

D. The Commission's written preliminary determination shall be delivered to Council, the Chief of Police and the employee.

E. If the Commission finds reasonable grounds for the proposed discipline, the action shall be enforced immediately.

F. If the Commission finds that reasonable grounds do not exist, no disciplinary action shall be effective unless:

(i) The employee failed to appeal pursuant to Section 1106 hereof; or

(ii) The disciplinary action is sustained after a full hearing by the Commission as hereinafter provided.

It is plaintiff's position that his suspension violated these sections because defendants "failed to give plaintiff the right to file with the Civil Service Commission, prior to the effective date of the suspension, a written response to the charges, within forty-eight (48) hours of delivery of notice of the charges, on the basis of which the Commission would have made a preliminary determination regarding the charges against the plaintiff." Plaintiff's Complaint, ¶ 11. Failure to follow these regulations, plaintiff argues, resulted in the deprivation and taking of his property interest in thirty days of paid employment without due process of law and under color of state law. Plaintiff's Complaint, ¶¶ 14 and 15.

In support of defendants' motion to dismiss plaintiff's complaint, defendants argue that plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted, and, therefore, the federal claim should be dismissed pursuant to Fed. R.Civ.P. 12(b)(6). Defendants rely on *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Cohen v. City of Philadelphia*, 736 F.2d 81 (3d Cir.1984), which provided that a cause of action does not lie under § 1983 if a deprivation occurs as the result of a random and unauthorized act by a state employee. Defendants contend that any failure on the part of defend-

ant Kletch to follow existing guarantees of due process in the C.S.R.R. constitutes such a random and unauthorized act and, therefore, a § 1983 claim does not exist.

The defendants further argue that dismissal of the federal claim would deprive the court of pendant jurisdiction over the state law claim, and, therefore, the state law claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

In evaluating a motion to dismiss, the allegations of the complaint and all reasonable inferences must be accepted as true and viewed in the light most favorable to the non-moving party. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557, 561 n. 2 (1977); *Columbia Pictures Industries, Inc. v. Redd Horne, Inc.,* 749 F.2d 154, 161 (3d Cir.1984). A complaint should not be dismissed unless it appears that the plaintiff could prove no set of facts that would entitle him to relief, and any deficiencies may be corrected by amendments to the complaint. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Discussion*

Two elements must be established to constitute a violation of 42 U.S.C. § 1983. First, the conduct complained of must be committed by a person acting under color of state law; second, the conduct must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. at 535, 101 S.Ct. at 1912–13. The defendants, for purposes of their argument, "do not contend that Chief Kletch was not acting under color of state law." Defendant's Brief, page 3. Their motion to dismiss is grounded, in part, on this language of the United States Supreme Court in *Parratt:*

Although [respondent] has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention

that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. The State ... has provided respondent with the means by which he can receive redress for the deprivation.

451 U.S. at 543, 101 S.Ct. at 1917.

Based on this language, defendants contend:

The Court might have written the same language about the present case, for the controlling facts are the same. The Bethel Park Civil Service Regulations provide a predeprivation right to respond to the charges and a full post-suspension hearing; therefore the "procedures themselves" are not inadequate. Plaintiff's deprivation occurred not as a result of some objectionable Township procedure, but because an agent of the Township failed to apply that procedure. Moreover, the duly enacted procedures of the Bethel Park Civil Service Regulations provide the plaintiff with adequate means of receiving redress for Chief Kletch's error, as the Civil Service Commission may award reinstatement and full back pay on appeal. *See* Bethel Park Police Service Rules and Regulations, section 1112.

Brief in Support of Defendants' Motion to Dismiss the Complaint, page 4.

Section 1112 does, in fact, provide a postdeprivation remedy to plaintiff.

Defendants' argument then cites the Third Circuit Court of Appeals' opinion in *Cohen v. City of Philadelphia,* 736 F.2d 81 (3d Cir.1984). In *Cohen,* the plaintiff, a Philadelphia policeman, was dismissed from his job on suspicion of having committed a felony. Pursuant to the Philadelphia Civil Service Regulations Cohen was given notice of right to appeal the dismissal to the Civil Service Commission within thirty days of the discharge. Cohen was later acquitted of all criminal charges and given leave to file his Civil Service Commission appeal *nunc pro tunc.* The Civil Service Commission reinstated Cohen but refused to allow back pay. As the result of this

refusal, Cohen filed a § 1983 action against the City of Philadelphia.

Citing *Parratt,* the Third Circuit Court of Appeals ruled that Cohen had not been denied due process of law, even though he had been deprived of back pay without an opportunity to be heard on the charge which supported the decision to deny back pay:

> With all of this conceded to Cohen, however, he has not established that the state failed to provide him due process of law. In this case, as in *Parratt,* the initial deprivations cannot be viewed in isolation. Rather, we must also consider whether the deprivation resulted from a "random and unauthorized act by a state employee" or, instead, occurred as the result of "some established state procedure." If we conclude that Cohen's deprivation resulted from the "Commission's error" rather than from "the state system itself," we must then consider whether the means of redress provided by the state satisfy the requirements of the Due Process Clause. In such a case, Cohen will have established a section 1983 claim only if the remedies provided by the state do not comport with the requirements of due process.

736 F.2d at 84 (citations omitted). The Court, although concluding that Cohen was entitled to back pay, held that the Commission's failure to provide back pay was no more than an unauthorized failure of state agents to follow prescribed procedures. *Id.* at 84–85. Therefore, under the rule of *Parratt,* no § 1983 claim existed. *Id.* at 85–86.

The plaintiff responds to defendants' argument by citing the Supreme Court opinion in *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and a recent Third Circuit Court of Appeals opinion, *Stana v. School District of City of Pittsburgh,* 775 F.2d 122 (1985), which, in reliance upon *Loudermill,* states: "that anything [which] *Cohen* suggests to the contrary ... has been superseded by the Supreme Court's subsequent precedent." 775 F.2d at 130.

In *Loudermill,* the plaintiff was terminated from his position as security guard for failing to reveal a prior felony conviction. He was given no notice or opportunity to respond and no local or states rules and regulations provided for such notice. Under Ohio law, however, he was entitled to post-termination review of the dismissal by the Civil Service Commission. The district court dismissed the § 1983 action, holding that the post-termination remedies provided all the process due.

In reversing the district court, the Supreme Court held that post-termination remedies available to *Loudermill* were not sufficient to provide due process. The Court reasoned that the essential requirements of due process, notice and opportunity to be heard, are required prior to a termination in order to prevent an unlawful deprivation before it happens: "We have described the root requirement of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant interest.'" 105 S.Ct. at 1493.

In *Stana,* the Third Circuit Court of Appeals criticized the application of the rule of *Parratt* to the deprivation of a property interest in employment where the plaintiff's name was removed from an eligibility list for teachers' positions without actual notice and without any state requirement that such notice be given:

> The genesis of the "random and unauthorized act by a state employee" language is the portion of *Parratt v. Taylor,* 451 U.S. at 541, 101 S.Ct. at 1916, where it was used in considering whether it was practicable for the state to give the plaintiff predeprivation process. As Justice Rehnquist explained in *Parratt,* where random and unauthorized acts have deprived the plaintiff of property,
>
> > the state cannot predict precisely when the loss will occur. It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under "color of law," is

in almost all cases beyond the control of the State.

*Id.* On the other hand, if it were possible for the state or its entity to know that the deprivation was about to occur, the state could have provided predeprivation process. Patently, when the acts at issue were those of an official in a supervisory position, acting within the area of his authority, the governmental entity was in a position to provide some predeprivation process ...

To summarize, since it is not practicable or possible for a governmental entity to provide predeprivation procedural due process when an act is random or unauthorized, the only possible remedy is through effective post-deprivation redress. The Constitution does not require that which it is impossible to provide. On the other hand, if the governmental entity could have, but did not, provide predeprivation procedures, a § 1983 action complaining of the lack of procedural due process may be maintained in federal court, notwithstanding the availability of state judicial routes as well.

775 F.2d at 130.

The Third Circuit Court of Appeals' concern in *Stana*, with respect to *Cohen*, stems from the fact that *Cohen* deals primarily with post-termination remedies provided by the state and the actions of state officials when applying or ignoring these remedies. The issue in *Cohen* was not whether pre-termination remedies should have been provided but rather, whether the post-termination remedies actually invoked by Cohen, as applied by state officials, provided due process. To the extent *Cohen* implies or suggests that post-termination remedies are solely adequate to provide due process, such implication or suggestion is clearly superseded by *Loudermill.* However, *Loudermill* and *Stana* do not compel us to avoid applying the *Parratt* rule to the instant case.

The plaintiff before us, unlike the plaintiffs in *Loudermill* and *Stana,* did have pre-termination remedies available to him.

It was defendant Kletch's alleged failure to follow applicable procedures which resulted in plaintiff's deprivation without due process. The procedures provided by Bethel Park Police C.S.R.R. § 1105 do not, of themselves, fail to provide due process. They are virtually identical to those approved by the Supreme Court in *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

On the basis of this discussion, therefore, one might conclude that defendant Kletch's action qualified as "random and unauthorized" within the meaning of *Parratt.* If this were the case, and given the availability of a post-termination remedy, *Parrott* would compel us to hold that plaintiff has failed to state a claim for relief under § 1983.

■ We say this advisedly, however, because a violation, by state officials, of procedures established under state law does not constitute a random and unauthorized act if the deprivation occurs under color of state law *pursuant to custom or usage.* This qualification exists because, under such circumstances, the state should be able to anticipate such a deprivation and therefore provide a meaningful hearing before the loss occurs. *See Hicks v. Feeney,* 770 F.2d 375 (3d Cir.1985); *Berlanti v. Bodman,* 780 F.2d 296 (3d Cir.1985) (citing *Stana* ).

■ The facts before us do not provide evidence of such custom or usage on the part of defendant Municipality; neither do they provide evidence to the contrary. However, we are obligated, in evaluating a motion to dismiss, to provide the nonmoving party with the benefit of the doubt. If plaintiff may prove a set of facts which would entitle him to relief, we cannot dismiss his complaint. *See Conley v. Gibson, supra.* In the present case, plaintiff may be able to prove a custom or usage on the part of defendants which would remove defendant Kletch's action from the category of random and unauthorized acts. Therefore, we will deny defendants' motion to dismiss. An appropriate order will issue.