OPINION
BARRY, Circuit Judge.
Eileen O’Donnell appeals from the District Court’s July 25, 2007 order granting Gale Simon and Lee Barry’s motion to dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm.
I. Background
Because we write solely for the parties’ benefit, we set forth only those facts necessary to our analysis. In deciding a motion to dismiss under Rule 12(b)(6), all factual allegations must be accepted as true and all reasonable inferences drawn in plaintiffs favor. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir.2008). Our review of the grant of a motion to dismiss is plenary. Id. at 230.
In 1995, O’Donnell began working as an attorney for First Option Health Plan of New Jersey, a company purchased by Health Net, Inc. (“Health Net”)[1] in 1997. While working for Health Net, O’Donnell, among other duties, regularly interacted with the New Jersey Department of Banking and Insurance (“DOBI”), a state agency charged with the oversight of health care companies, and Simon and Barry, both DOBI Assistant Commissioners.[2]
In 2002, O’Donnell learned that, beginning in July 2001, Health Net used an improper database for calculating claim reimbursements in violation of New Jersey regulations. The incorrect calculations that resulted led to Health Net making restitution, paying a fine, and being named as a defendant in a class action lawsuit. During the course of the class action, it was revealed that Health Net also used an improper database in 1999, but failed to inform DOBI of the error or, if it had, failed to make restitution. Simon and Barry blamed O’Donnell for the 1999 failure, characterizing her actions as “hiding” the violation. (App.21.) In the class action litigation, Health Net blamed O’Donnell *303 for the 1999 violation, an allegation she denies.
In the summer of 2005, DOBI met with Health Net officials. At that meeting, Simon and/or Barry informed Health Net that O’Donnell impeded relations between DOBI and Health Net and that O’Donnell was “untrustworthy, uncooperative and too adversarial.” (App.22.) Simon and Barry advised Health Net that DOBI did not wish to interact with O’Donnell. Thereafter, O’Donnell learned that Simon directed DOBI employees not to communicate with O’Donnell, and O’Donnell’s supervisor at Health Net directed her not to interact with DOBI. O’Donnell informed Health Net that she was considering filing a lawsuit against DOBI and its agents for “blackballing” her. She was terminated by Health Net in January 2006. (App.24.)
In November 2006, O’Donnell filed suit against Simon and Barry in the U.S. District Court for the District of New Jersey alleging violations of both 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 et seq., as well as common law claims of negligence, intentional or negligent infliction of emotional distress, tortious interference with contractual relationships, tortious interference with prospective economic advantage, and defamation. The District Court granted Simon and Barry’s Rule 12(b)(6) motion to dismiss.
II. Discussion
A.
O’Donnell contends that Simon and Barry’s conduct led to her being barred from dealing with DOBI and, thus, wrongfully deprived her of property and liberty interests under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.[3] Specifically, O’Donnell contends that she was deprived of: (1) her interests in her law license and continuing her chosen profession; and (2) her interest in avoiding debarment which would preclude her interaction with DOBI. Simon and Barry contend that they are shielded by qualified immunity.
“[Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known.” Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quotation omitted). It reflects the “need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.” Id. In Saucier v. Katz, the Supreme Court mandated a two-step qualified immunity analysis — first, whether “the facts alleged show that the [official’s] conduct violated a constitutional right,” and, second, whether the right, if violated, “was clearly established.” 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In Pearson, the Court backed away from that sequence, stating, “while the sequence set forth [in Saucier ] is often appropriate, it should no longer be regarded as mandatory.” 129 S.Ct. at 818. We nonetheless begin by determining whether O’Donnell can establish a constitutional violation. Because she cannot, we need not proceed further.
A plaintiff alleging a property interest in employment “must have more than a unilateral expectation of continued *304 employment; rather, [he or] she must have a legitimate entitlement to such continued employment.” Hill v. Kutztown, 455 F.3d 225, 234 (3d Cir.2006). A “plaintiff must demonstrate entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee.” Carter v. Philadelphia, 989 F.2d 117, 120 (3d Cir.1993). Here, O’Donnell fails to cite any statute, regulation, policy, or mutually explicit understanding establishing that she has a property interest in interacting with DOBI or to continued employment with Health Net. Accordingly, her “unilateral expectation of continued employment” does not rise to the level of a constitutionally protected property interest.
“The right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference” are liberty and property interests protected by the Constitution. Pieck-nick, 36 F.3d at 1259. However, “[s]tate actions that exclude a person from one particular job are not actionable in suits ... brought directly under the due process clause. It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment.” Id. (alteration in original; quotations and citations omitted).
Here, O’Donnell contends that Simon and Barry’s conduct “effected a loss of existing employment, a loss of employability in the field of her chosen profession, and a contraction of her law license.” (Appellant Brief at 21.) However, O’Donnell’s contention that Simon and Barry’s conduct amounted to a de facto revocation or limitation of her law license goes too far. Indeed, her complaint concedes that her employment with Health Net involved tasks much broader than merely interacting with DOBI and included the provision of legal advice to Health Net and negotiation with physicians, hospitals, and specialty providers in New York, New Jersey, and Connecticut. Accordingly, because O’Donnell’s termination by Health Net and any actions taken by Simon and Barry affected only her specific job with Health Net — not her broader right to practice law — she has not asserted a constitutionally protected liberty interest.
O’Donnell also argues that she has a right to do business with the state, relying on, among other authorities, Berlanti v. Bodman, 780 F.2d 296 (3d Cir.1985), and Department of Labor v. Titan Construction Co., 102 N.J. 1, 504 A.2d 7 (1985), two cases involving the New Jersey Department of Labor’s ability to debar contractors from government projects for failing to comply with the New Jersey Prevailing Wage Act. Those cases, however, are distinguishable. Unlike the plaintiffs in Berlanti and Titan Construction, O’Donnell was not foreclosed from contracting with DOBI nor prevented from obtaining government contracts. Accordingly, this argument too fails.
O’Donnell contends, finally, that Simon and Barry may not avail themselves of qualified immunity because they lacked the authority to “demand that Health Net fire her, [to] refus[e] to allow her to interact with [DOBI], and [to] direct[DOBI] staff to have no dealing with her on any matter.” (Appellant Brief at 21). Putting aside O’Donnell’s failure to cite any authority establishing that Simon and Barry lacked the discretion to determine with whom they (or, for that matter, DOBI personnel) interact, O’Donnell did not establish that she was denied a constitutionally protected property or liberty interest in the first instance. Hill, 455 F.3d at 233-34; Nicholas v. Penn. State Univ., 227 F.3d 133, *305 189-40 (3d Cir.2000). Accordingly, we reject this argument.
B.
O’Donnell alleges that Simon and Barry defamed her in the summer of 2005. O’Donnell’s complaint, however, was not filed until November 2006, after the one-year statute of limitations on defamation actions expired. N.J. Stat. Ann. § 2A:14-3.
In New Jersey, the “discovery rule” cannot extend the limitations period for defamation claims. Lawrence v. Bauer Publ’g & Printing Ltd., 78 N.J. 371, 396 A.2d 569, 570 (1979) (adopting reasoning of dissenting appellate judge, 154 N.J.Super. 271, 381 A.2d 358 (N.J.Super.Ct.App.Div.1977)). Nevertheless, O’Donnell argues that Lawrence was wrongly decided and, in the alternative, that we should find a limited exception to its rule. Because Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires us “to follow state law as announced by the highest state court,” we reject O’Donnell’s argument without further discussion. Edwards v. HOVENSA, LLC, 497 F.3d 355, 361 (3d Cir.2007).
C.
O’Donnell mentions, but does not discuss, the dismissal of her New Jersey Civil Rights Act claim (as well as the dismissal of her state common law claims other than defamation) only by way of footnotes in her opening brief. Accordingly, any appeal regarding those claims has been waived. Odd v. Malone, 538 F.3d 202, 207 n. 2 (3d Cir.2008).
D.
Finally, O’Donnell contends that the District Court erred by failing to permit her to amend her complaint. When a complaint is dismissed for failure to state a claim upon which relief may be granted, a plaintiff should be granted the opportunity to amend the complaint unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir.2002). Because O’Donnell has failed even now to identify any constitutionally protected property or liberty interest and untimely filed her defamation claim, we conclude that it would have been futile for the Court to provide her with leave to amend.
III.
For the reasons stated above, we will affirm the District Court’s order.

. Because the distinctions are of no moment here, we do not distinguish between Health Net and its subsidiaries.

. In addition to Simon and Barry, O'Donnell named Health Net, its subsidiaries, and two Health Net executives as defendants. However, following the District Court's judgment with respect to Simon and Barry, O'Donnell's claims against the other defendants were dismissed with prejudice and are not at issue here.

. O’Donnell contends that she was denied both substantive and procedural due process. Violation of both forms of due process require the deprivation of a constitutionally protected property or liberty interest. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1256 (3d Cir.1994).