Phylis K. CRISP, et al., Plaintiffs,

v.

Christopher S. BOND, et al., Defendants.

No. 82–4012–CV–C–5.

United States District Court,
W. D. Missouri, C. D.

Feb. 26, 1982.

Arthur A. Benson, II, Kansas City, Mo., for plaintiffs.

Jerry Short, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

SCOTT O. WRIGHT, District Judge.

### ORDER

This action arises under the First, Fifth and Fourteenth Amendments to the Constitution, and Sections 1983, 1985, 1986, and 1988 of Title 42 of the United States Code. Plaintiffs bring this civil rights suit for declaratory, injunctive and other relief arising out of the deprivation of the Constitutional and civil rights of plaintiffs caused by defendants acting individually and in their official capacities and in conspiracy with each other and others. Jurisdiction is founded on the foregoing sections of Title 42 of the United States Code, and on Sections 1331, 1343, 2201 and 2202 of Title 28 of the United States Code. Plaintiffs allege that the defendants violated their civil rights by terminating their employment with the State of Missouri solely because of their political affiliation.

A hearing was held on January 25, 1982. Post-hearing findings of fact and conclusions of law were submitted by the parties. Based on the foregoing, the exhibits submitted at the hearing, and the depositions of Jerry Lester Griffith, this Court finds that the relief sought by the plaintiffs should be granted, and the defendants are preliminarily enjoined from terminating the employment of plaintiffs.

### I. FINDINGS OF FACT

#### A. *Phylis K. Crisp*

1. Phylis K. Crisp holds the position of Assistant Director of the Division of Motor Vehicle and Drivers Licensing of the Missouri Department of Revenue.

2. For many years Crisp has been an active member of the Democratic Party and has supported Democratic candidates for public office, including the office of Governor of the State of Missouri. Crisp donated $1000 to the Teasdale campaign fund in the 1980 election.

3. In September, 1977, Crisp began her employment as Bureau Manager, Excise Tax Bureau, Division of Taxation of the Department of Revenue of the State of Missouri. In January, 1979, Crisp became Assistant Director of the Division of Motor Vehicle and Licensing, Missouri Department of Revenue. Crisp was hired and promoted during the Teasdale administration.

4. Governor Joseph P. Teasdale is and was a Democrat.

5. Defendant Christopher S. Bond is the duly elected and acting Governor of the State of Missouri, having been elected to such position in November, 1980, and having been officially sworn into office in January, 1981. Defendant Bond is a member of the Republican party.

6. Defendant Ray S. James is the duly appointed and acting Director of the Department of Revenue of the State of Missouri, having been appointed to such position by Defendant Bond. Defendant James is a member of the Republican party.

7. Jerry Griffith is the Director of the Motor Vehicle Division of the Missouri Department of Revenue and as such acts as the agent of the Director of the Department and acts under color of State law. Griffith is a member of the Republican party.

8. On December 30, 1981, Jerry Griffith sent a letter to Crisp informing her that her employment with the Department of Revenue would be terminated effective at 5:00 p.m. on January 8, 1982.

9. Griffith is the only person responsible for the termination of plaintiff Crisp.

10. Crisp donated $1000 to the Teasdale campaign, and she was promoted to her present job during a Democratic administration. Crisp also supported Governor Teasdale against whom Defendant Bond ran in the November, 1980 election. Griffith's testimony that he did not know the political affiliation of Crisp is not credible.

11. The selection of persons to fill vacancies in the Motor Vehicle Division has been accomplished by requesting resumés from David Broeker, an assistant in the Office of the Governor and the representative of Defendant Bond who is responsible for patronage affairs. Mr. Broeker's office provides resumés to the personnel office of the Department of Revenue, and a pool of Republican candidates is established and maintained from which persons are selected to replace Democrats. The defendants failed to show that any resumés of Democrats are maintained by Broeker's office and sent to the personnel office of the Department of Revenue to fill vacancies. All resumés that are sent down from Broeker's office are from persons who are members of the Republican Party. Therefore, Griffith's appointment to fill the vacancy that would be created by the termination of Crisp would be a Republican.

12. Crisp always performed her duties "adequately," and never performed them unsatisfactorily. Griffith never tried to work with Crisp, nor did he ever give her any assignments which would have proved her abilities. His stated reasons for termination, i.e., that she lacked aggressiveness to tackle day-to-day problems without being told what to do; and that he needed someone he was more comfortable with, are not credible.

13. There has been since the installation in early 1981 of the Republican administration in the Missouri Department of Revenue a systematic and uniform replacement and attempted replacement of personnel in the Department of Revenue by Republicans.

14. The foregoing facts are sufficient to give cause to believe that the defendants, through their agent Griffith, terminated Crisp solely on the basis of her political affiliation.

15. The job description applicable to the position of Assistant Director, the position held by Crisp, states as follows:

An employee in this class assists in coordinating division functional and personnel matters, analyzing administrative operations and procedures, and developing and recommending work standards and procedures. Work includes budgetary responsibilities, liaison with the public, coordination of work among bureaus, and related duties. Work may involve managerial responsibility for one or more transportation bureaus. Supervision is exercised over professional, technical and clerical employees through subordinate supervisors. Objectives are usually assigned in terms of broad ultimate goals, and the employee exercises a high degree of independent judgment in determining methods of achieving such goals. General administrative supervision is received from the Director, Motor Vehicle and Licensing.

16. The examples of work performed included in the job description state that, among other duties, an Assistant Director:

"Prepares detailed and comprehensive recommendations for changes in polices (sic) and methods and procedures."

"Recommends internal and external policies and methods."

"Meets with Division Director to discuss problems and implement policies."

"Analyzes proposed legislation; drafts new legislation."

"Represents the Division Director before various committees and other groups."

"Attends conferences, committee meetings, legislative sessions, court procedures, and participates as required."

"Participates in the hiring, evaluates the work of, and disciplines employees."

17. Crisp does not make policy or discharge any confidential duties for elected officials. To the extent that her position requires her to devise or recommend policy alternatives, such policies only relate to the statutory functions of the Division.

### B. *Patricia A. Libbert*

19. Patricia A. Libbert holds the position of Assistant Bureau Manager of the Drivers License Bureau, Department of Revenue of the State of Missouri.

20. For many years, Libbert has been an active member of the Democratic Party and has supported Democratic candidates for public office, including the office of Governor of the State of Missouri. Libbert donated $50 to the Teasdale campaign fund in the 1980 election.

21. In July, 1972, Libbert began her employment with the Missouri Department of Revenue as a Clerk-Typist I. Since October, 1980, Libbert has held the position of Assistant Bureau Manager of the Drivers License Bureau, Department of Revenue of the State of Missouri. Libbert was promoted to her present position during the Teasdale administration.

22. On December 31, 1981, Jerry Griffith sent a letter to Libbert informing her that her employment with the Department of Revenue would be terminated effective at 4:45 p. m. on January 8, 1982.

23. Griffith testified that he did not know Libbert's political affiliation when he terminated her. This is not credible. In his deposition, on page 29, filed with the Court on January 25, 1982, when testifying about the complaints he received from employees about Libbert, he stated:

Q What did he say about the tenor in the bureau?

A Basically, like I said, that it was oppressive; people didn't feel free to express themselves and feel free to do hardly anything without express permission from the supervisor or manager.

Q Did he give you any examples?

A He probably did. I don't recall at the moment what specifics we talked about.

Q Who?

A I take that back. Mark did tell me that he was called into Pat's office and requested to, I believe, purchase tickets to some Democratic fund raising function, or maybe a specific function, and was told that his evaluation as an employee would suffer if he failed to contribute.

Griffith's own testimony shows that he knew she was collecting contributions for the Democratic party.

24. Libbert is to be replaced by a Republican, as discussed in the Court's finding of fact No. 11.

25. Libbert always performed her duties "satisfactorily," and she never performed them in an unsatisfactory manner.

26. Griffith testified that he heard from some employees that Libbert had intimidated other employees and that she had thrown a piece of food at a dinner. Griffith made no attempt to investigate this matter or to talk to anyone who had been actually affected or had seen the incident. Libbert produced witnesses who had worked under her and they had no complaints as a supervisor and that they enjoyed working under her. The Court finds that the reasons given by Griffith for the termination of Libbert are a mere pretext and that the real reason for her termination was because of her political affiliation.

27. The attempted termination of Libbert is part of the systematic and uniform replacement of Democrats with Republicans, as discussed in Court's finding of fact No. 13.

28. Libbert neither makes policy nor discharges any confidential duties for elected officials.

### II. CONCLUSIONS OF LAW

1. Plaintiff Crisp has been terminated solely on the basis of her political affiliation.

2. Plaintiff Libbert has been terminated solely on the basis of her political affiliation.

■ 3. Political affiliation is not an appropriate requirement for the position of Assistant Director of the Division of Motor Vehicles and Drivers Licensing of the Missouri Department of Revenue.

■ 4. Political affiliation is not an appropriate requirement for the position of Assistant Bureau Manager of the Drivers License Bureau, Department of Revenue of the State of Missouri.

■ 5. Plaintiffs will be irreparably injured if a preliminary injunction is not granted.

6. The state of the balance between the irreparable harm to plaintiffs and the lack of injury to defendants weighs heavily in favor of maintaining the status quo by the issuance of a preliminary injunction.

7. There is a reasonable probability that plaintiffs may succeed on the merits of their cause of action.

8. The public interest would not be so significantly affected by the issuance of a preliminary injunction that it affects the appropriateness of such an injunction.

9. The defendants should be preliminarily enjoined from terminating the employment of plaintiffs Crisp and Libbert. *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Gibbons v. Bond*, 523 F.Supp. 843 (W.D.Mo.1981), *aff'd* 668 F.2d 967 (8th Cir. 1982). *See also, Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

Accordingly, it is hereby

ORDERED that the relief plaintiffs seek is granted, and the defendants are preliminarily enjoined from terminating the employment of plaintiff Crisp and plaintiff Libbert, or otherwise removing them from their positions.