

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2003

# Martinez-Sanes v. Turnbull

Precedential or Non-Precedential: Precedential

Docket 99-3644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Martinez-Sanes v. Turnbull" (2003). *2003 Decisions.* Paper 814.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/814

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed January 28, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3644

CRUZ MARTINEZ-SANES; VERNITA CHARLES; VIVIAN
FURET; MAUDE AKINS; FAUSTINA RICHARDSON;
ROSALIA SACKEY; LENORE SAFE; EILEEN JACKSON;
PATRICK SPRAUVE

v.

GOV. CHARLES W. TURNBULL, PH.D.;
GOVERNMENT OF THE UNITED STATES
VIRGIN ISLANDS
(D.C. Civil No. 99-cv-00031)

MIRIAM DeJESUS; CECILE PHILLIP-THOMAS; HERBERT
L. SCHOENBOHM; MARGARET SUMTER

v.

GOV. CHARLES W. TURNBULL, PH.D.;
GOVERNMENT OF THE UNITED STATES
VIRGIN ISLANDS
(D.C. Civil No. 99-cv-00045)

LAURA HASSELL; MARILYN STAPLETON; RIISE
RICHARDS; ALICIA TORRES-GUSTAVE; AUDREY
CALLWOOD; EDGAR PHILLIPS; DWAYNE BENJAMIN;
DARYL LEWIS; BIANCA O. MAYNARD; ANA BERTRAND;
JEREMIAH LEE; JOSEPH FARRINGTON; FRANCISCO
JARVIS; FRANKLIN LAWRENCE; EVERARD POTTER;
MAXWELL GEORGE

v.

GOV. CHARLES W. TURNBULL, PH.D.;
GOVERNMENT OF THE UNITED STATES
VIRGIN ISLANDS
(D.C. Civil No. 99-cv-00053)

VIVIAN EBBESEN-FLUDD

v.

CHARLES TURNBULL, PH.D. INDIVIDUALLY AND IN HIS
CAPACITY AS GOVERNOR OF THE VIRGIN ISLANDS;
GOVERNMENT OF THE UNITED STATES
VIRGIN ISLANDS AND DOES 1 THROUGH 10
(D.C. Civil No. 99-cv-00056)

Government of the Virgin Islands

and Charles W. Turnbull, individually,
Appellants

No. 99-4084

LAURA HASSELL; MARILYN STAPLETON; RIISE
RICHARDS; ALICIA TORRES-GUSTAVE; AUDREY
CALLWOOD; EDGAR PHILLIPS; DWAYNE BENJAMIN;
DARYL LEWIS; BIANCA O. MAYNARD; ANA BERTRAND;
JEREMIAH LEE; JOSEPH FARRINGTON; FRANCISCO
JARVIS; FRANKLIN LAWRENCE; EILEEN JACKSON;
PATRICK SPRAUVE; MAXWELL GEORGE

v.

GOV. CHARLES W. TURNBULL, PH.D.;
GOVERNMENT OF THE UNITED STATES
VIRGIN ISLANDS;
DOES 1 THROUGH 10, individually and
in their capacities as employees of the
Government of the Virgin Islands

       Governor Charles W. Turnbull, Ph.D.,
       individually and in his official capacity
       and Government of the United States
       Virgin Islands,
       Appellants

2

On Appeal from the District Court of the Virgin Islands
Divisions of St. Croix, St. Thomas and St. John
D.C. Civil Action Nos. 99-cv-00031, 99-cv-00045,
99-cv-00053, 99-cv-00056
(Honorable Raymond L. Finch)

Appeal No. 99-3644 Argued December 8, 2000
Appeal No. 99-4084 Argued December 7, 2000

Before: MANSMANN* and ALITO, Circuit Judges
and FULLAM,** District Judge

(Filed January 28, 2003)

       RONALD W. BELFON, ESQUIRE
        (ARGUED)
       Belfon & Evert
       1217 Bjerge Gade
       Charlotte Amalie,
        St. Thomas, VI 00802
        Attorney for Appellant,
       Charles W. Turnbull

       JOEL H. FELD, ESQUIRE (ARGUED)
       KERRY E. DRUE, ESQUIRE
       Office of the Attorney General of the
       Virgin Islands
       Department of Justice
       48B-50C Kronprindsens Gade,

GERS Building, 2nd Floor
Charlotte Amalie,
 St. Thomas, VI 00802
 Attorneys for Appellant,
Government of the Virgin Islands

_____

* Honorable Carol Los Mansmann participated in the oral argument and
conference in this case, but died before she could join or concur in this
Opinion.

** Honorable John P. Fullam, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

BRUCE P. BENNETT, ESQUIRE
 (ARGUED)
Hunter, Colianni, Cole & Bennett
1138 King Street, Suite 301
Christiansted, St. Croix, VI 00820
 Attorney for
Vivian Ebbesen-Fludd,
Appellee at No. 99-3644

JAMES M. DERR, ESQUIRE
 (ARGUED)
28-29 Norre Gade
P.O. Box 664
St. Thomas, VI 00804
 Attorney for Audrey Callwood,
Jeremiah Lee, Patrick Sprauve and
Maxwell George,
Appellees at No. 99-4084

OPINION OF THE COURT

FULLAM, District Judge:

In the 1998 gubernatorial election in the United States
Virgin Islands, the then incumbent Governor Roy Lester
Schneider was defeated by his Democratic challenger,
Charles W. Turnbull. Shortly after the change of
administrations, a substantial number of employees of the
Virgin Islands Government lost their jobs.

In three separate lawsuits, 27 of these former employees
challenged their dismissals, alleging that they were fired
because of their political beliefs and activities on behalf of
Governor Schneider, in violation of their rights under the
First Amendment of the United States Constitution, and
also that their due process rights under the Fourteenth
Amendment had been violated, inasmuch as they were not
accorded notice or a hearing. The three lawsuits were
consolidated, at least for pretrial purposes. The claims of 22
of the 27 original plaintiffs were finally resolved at the
District Court level, either because of amicable settlements,
or because the losing party did not appeal. The remaining

five cases are now pending in this court as the result of appeals by the defendants from injunctive orders entered by the District Court, upholding the claims of the discharged employees, and ordering their reinstatement. Four of these cases are involved in appeal No. 99-4084; a fifth case is the subject of appeal No. 99-3644. Both appeals will be disposed of in this Opinion.

The appellants are the Government of the Virgin Islands and Governor Turnbull in his official capacity, represented by the same counsel, and Governor Turnbull in his individual capacity, who has separate representation. Throughout this opinion, we will use the term "the Government" to refer both to the defendant Government of the Virgin Islands and to Governor Turnbull in his official capacity, and "Governor Turnbull" to refer to the Governor in his individual capacity.

The four appellees in No. 99-4084, and the positions from which they were fired and to which they have been reinstated, are: Audrey Callwood, Coordinator of Special Events in Tourism; Patrick Sprauve, Special Projects Coordinator in the Department of Finance, on temporary assignment to the Governor's Home Protection Roofing Program; Maxwell George, Revenue Accounts Manager in the Department of Health; and Jeremiah Lee, Trades Inspector in the Department of Planning and Natural Resources. All were supporters of former Governor Schneider, and had been actively involved in his unsuccessful campaign for re-election. They were fired shortly after Governor Turnbull's inauguration, without explanation. The Governor publicly acknowledged, at the time, that at least some of the personnel changes were politically motivated. The explanations since advanced for these personnel decisions -- budgetary constraints, reducing the size of the government, etc. -- are implausible, given the undisputed facts that total expenditures increased, and included many new hires at increased compensation. The trial judge understandably found as a fact that all of the appellees were discharged for political reasons. These findings are not clearly erroneous, and will not be disturbed.

The issues which do require discussion are whether the District Court correctly concluded that the appellees' First Amendment rights were superior to Governor Turnbull's right to require that the policy-makers and confidential advisors in his administration share his political views and philosophy, under Branti v. Finkel, 445 U.S. 507 (1980), Elrod v. Burns, 427 U.S. 347 (1976) and their progeny; and whether all of the appellees had a sufficient property interest in continued employment to give rise to a due process right to notice and hearing, under the Fourteenth Amendment. As to both the First Amendment and the

Fourteenth Amendment claims, analysis properly begins
with consideration of applicable Virgin Islands statutes
governing personnel matters.

Under the Virgin Islands statutory scheme, the Governor
is vested with the ultimate authority to hire and fire all
government employees. Section 11 of the Revised Organic
Act of 1954 provides:

> "The Governor shall have general supervision and
> control of all the departments, bureaus, agencies and
> other instrumentalities of the executive branch of the
> government of the Virgin Islands . . . he shall appoint,
> and may remove, all officers and employees of the
> executive branch of the government of the Virgin
> Islands, except as otherwise provided in this or any
> other act of Congress, or under the laws of the Virgin
> Islands . . ."

This general authority is constrained by the provisions of
the Virgin Islands Personnel Merit System, 3 V.I.C.SS 451-
690 (1995 and Supplement 2000), which contemplates that
all government employees will be selected on the basis of
merit, and may not be removed except after written notice
of charges and an opportunity for a hearing, unless
specifically exempted from these statutory protections.
Thus, employees of the Virgin Islands Government are
divided into two categories, the "Classified Service" entitled
to Civil Service protection, and the "Exempt Service" not so
entitled. But the statute strictly limits the types of
employment which can be exempted from such coverage.
All parties agree that the only permissible exemption for
which these appellees might qualify is that for:

6

> "An officer or employee in a position of a policy-
> determining nature; employee who is a special
> assistant, or who is on special assignment to, or whose
> position requires a confidential relationship to a policy-
> making official when the position is so designated by
> the Governor and approved by the Legislature."

3 V.I.C. S451a(b)(8).

There is thus a close (though not necessarily precise)
correlation between the applicable standards for
entitlement to protection under the First and Fourteenth
Amendments: A person who is a policy-maker or in a
confidential relationship to a policy-maker loses First
Amendment protection under the Branti v. Finkel  line of
cases, and also may properly be exempted from Civil
Service protection under the Virgin Islands statute, and
thus not have a Fourteenth Amendment "property interest"
in continued employment.

Unfortunately, however, there seems to have been a
routine practice of not adhering strictly to the requirements
of the Virgin Islands merit system regime. Many non-policy

positions were filled without competitive examinations, and the employees were required to sign acknowledgments that they would be exempt from Civil Service protection. There is some suggestion in the record of a general understanding that merely reviewing resumes and making selections fulfilled the requirement of competitive examinations, or that appointment to a position on the basis of political patronage necessarily warranted exemption from Civil Service protections, regardless of the nature of the job.

Appellants argued in the District Court that all of the appellees were bound by the terms of the "Notice of Personnel Action" ("NOPA") which they signed, acknowledging that they were in the "exempt" rather than "classified" service. The district judge rejected that argument, ruling that the statute took precedence over the provisions of the NOPA, citing Richardson v. Felix, 856 F.2d 505, 511 (3d Cir. 1988); and that appellees' signatures on their NOPAs were coerced and involuntary. As we understand it, appellants do not now challenge that ruling.

Under Third Circuit precedent that we are bound to follow, whether a person is a "policy-maker" who may be discharged for political reasons is a factual issue, reviewable under the "clearly erroneous" standard. Furlong v. Gudknecht, 808 F.2d 233, 235 (3d Cir. 1986); Rosenthal v. Rizzo, 555 F.2d 390 (3d Cir. 1977). But see, e.g., McGurrin Ehrhard v. Connolly, 867 F.2d 92 (1st Cir. 1989) (Breyer, J.) )("In light of the important constitutional and governmental interests surrounding the application of the [Elrod-Branti] exception, we believe it the kind of legal question that the court, not the jury, is best suited to determine."); Rosenthal, 555 F.2d at 396 (Aldisert, J., dissenting). Cf. Zold v. Township of Mantua, 935 F.2d 633, 636 (3d Cir. 1991) (court of appeals must give the facts bearing on the Elrod-Branti issue "special scrutiny"). We likewise hold that, under 3 V.I.C. S 451a(b)(8), whether an employee holds a "position of a policy-determining nature" or a position requiring "a confidential relationship to a policy-making official" is a factual issue reviewable only for clear error.

The District Court ruled that none of the four appellees qualified as policy-makers, hence they were not removable for political reasons. As to all of the appellants except Audrey Callwood, the District Court will be affirmed. Patrick Sprauve was a special assistant in the Department of Finance, gathering information for audits, compiling an assessment for the Government Development Bank, and carrying out assignments from the Commissioner of Finance. He was then transferred to the Roofing Program, where he acted as a coordinator between the Roofing Program and the Department of Finance. The District Court did not err in concluding that Mr. Sprauve was not within the confidential or policy-making exception. Indeed, only the Governor now challenges that ruling.

Appellee Maxwell George was a "Revenue Accounts Manager" in the Department of Health. He supervised a department including some 26 employees, and was responsible for seeing to it that services performed by the Government in the three American Virgin Islands, St. Thomas, St. John and St. Croix, were paid for. He had no input into policy matters but was, in effect, a bill-collector.

8

Here again, only the Governor in his individual capacity challenges the District Court ruling that Mr. George was not a policy-maker. The District Court's ruling was not clearly erroneous.

As to both Sprauve and George, the finding that they were not policy-makers establishes not only that their First Amendment rights were violated when they were discharged for political reasons, but also that their Fourteenth Amendment rights were violated when they were fired without due process in the form of the required notice and hearing.

The case of appellee Jeremiah Lee stands on a somewhat different footing. He had not actually begun work in the position for which he was hired, although, as found by the District Court, all of the formalities had been completed, and the failure to allow him to begin work was politically-motivated. The job in question was that of a "Trades Inspector" in the Department of Planning and Natural Resources. No one now contends that this was a policy-making position, and the finding that he was indeed hired and, in effect, terminated for political reasons establishes that his First Amendment rights were violated. But this does not mean, as the District Court seems to have assumed, that he had a sufficient property interest in the job to give rise to Fourteenth Amendment concerns. Only "regular" employees had Civil Service protection. In order to be a "regular" employee, satisfactory completion of a probationary period was required, and Mr. Lee plainly did not fulfill that requirement. Thus, although his firing for political reasons violated his First Amendment rights, his Fourteenth Amendment due process rights were not violated.

As to appellee Audrey Callwood, however, we conclude that the District Court erred. Her position was that of Coordinator of Special Events in the Department of Tourism. She testified that her primary responsibility was creating and implementing events for the community that celebrated cultural and historical holidays. She did this at the direction of the Commissioner and Assistant Commissioner of Tourism.

9

In Brown v. Trench, 787 F.2d 167 (3d Cir. 1986), this Court held that a secretary in the Office of Public

Information of Bucks County was a policy-maker. Although many of her duties were plainly clerical, the Court also noted:

> "There is no dispute over the fact, however, that Brown was responsible for writing press releases. The court below found that the duties of the position also required her to write speeches, communicate with legislators and, most important, present the views of the Commissioners to the press and public on a daily basis. The court below correctly determined that Brown's position is one which cannot be performed effectively except by someone who shares the political beliefs of the Commissioners."

787 F.2d at 170.

In Assaf v. Fields, 178 F.3d 170, 178 (3d Cir. 1999) the Court stated:

> "We have held that a "common thread" among cases identifying a policy-making or confidential position is "that their positions related to the government's activity vis-a-vis the public. That is, these positions entail the formulation or implementation of policies that have a direct impact on the public or the representation of government policies to the public."

Because Ms. Callwood's position involved constant interaction with the public on behalf of the Government, and because of the obvious importance of tourism to the Government of the Virgin Islands we conclude that, just as in the Brown case, compatible political affiliation can be a legitimate job requirement. The District Court's decision cannot be squared with these Third Circuit precedents.

To summarize, we uphold the injunctions entered by the District Court as to Patrick Sprauve and Maxwell George on both First Amendment and Fourteenth Amendment grounds, and as to Jeremiah Lee on First Amendment grounds. As to appellee Audrey Callwood, the judgment appealed from will be reversed.

10

Appeal No. 99-3644 - Vivian Fludd v. Turnbull, et al.

The Government and the Governor in his individual capacity also appeal from an order of the District Court granting a permanent injunction in favor of Vivian Fludd, reinstating her to her position as Executive Director of a medical clinic at Frederiksted. The District Court ruled that her position was not one where political affiliation was a permissible factor in the discharge decision -- i.e., that her First Amendment rights were violated -- and that, in any event, the Governor lacked the legal authority to fire her. Because we agree with the District Court on the first issue, we need not dwell upon the second.

The evidence as to whether Ms. Fludd occupied a policy-making position was conflicting, and we cannot say that the district judge's credibility choices were clearly erroneous. Morever, the district judge was justified in considering the non-political nature of the activities carried out by medical clinics. See Furlong v. Gudknecht , supra. (Deputy Recorder of Deeds functions are non-political).

We note also a further factor which the District Court mentioned. As a condition of obtaining federal funding, the Virgin Islands Government was required to arrange matters so that the clinic would no longer be directly supervised by the Virgin Islands Commissioner of Health, but rather would be controlled by a governing board of appointed officials serving fixed terms. The relationship between the governing board and the Virgin Islands government was set forth in a "memorandum of understanding" executed in 1997, which among other things, gave the board an advisory role in hiring and firing executive directors, interviewing applicants for the position, etc. Even if the district judge was incorrect in ruling that this change of format deprived the Governor of legal authority to discharge Ms. Fludd (an issue we find unnecessary to decide), it would indeed be ironic to hold that political affiliation was a legitimate job qualification, when the requirement of an independent board seems clearly to have been designed to remove the clinic staff from the political arena. We conclude, therefore, that the injunction was properly entered, because Ms. Fludd's First Amendment rights were violated.

11

Unlike the other appellees, Ms. Fludd has not asserted a Fourteenth Amendment due process violation.

Qualified Immunity of the Governor

The District Court granted injunctive relief only, and reserved for later disposition all damages issues. As to all of the appellees except Vivian Fludd, however, the District Court expressly ruled that the Governor was not entitled to qualified immunity. It is not entirely clear whether the District Court intended the same ruling to apply in the case of Ms. Fludd, but since the issue has been squarely presented to us and briefed by both sides, our decision will extend to the appeal affecting Ms. Fludd as well.

The issue is whether the appellees' firings violated a constitutional right which was clearly established at the time, such that an objectively reasonable decision-maker should have been aware of the likelihood that firing appellees violated their constitutional rights. The landmark decisions of the United States Supreme Court in Elrod v. Burns, 427 U.S. 347 (1976) and Branti v. Finkle, 445 U.S. 507 (1980) firmly established the constitutional right of every person not to be fired for political reasons unless political affiliation had a bearing on job performance - i.e., unless the person involved was a policy-maker. And the

plethora of appellate court decisions, in this circuit and elsewhere, which have been rendered since Elrod and Branti have provided numerous examples of what is and what is not a policy-making position. Reasonable officials may be on notice of the probable unlawfulness of their conduct, even if there is not a "previous precedent directly on point." Acierno v. Cloutier, 40 F.3d 597, 620 (3d Cir. 1994). As the Supreme Court stated in Anderson v. Creighton, 483 U.S. 635 (1982), the "clearly established" standard does not require that "the very action in question has previously been held unlawful." See also Pro v. Donatucci, 81 F.3d 1283 (3d Cir. 1996); Assaf v. Fields, 178 F.3d 170 (3d Cir. 1999).

We assume, as appellant's counsel asserts, that the Governor did not intend to violate anyone's constitutional rights, and that he entertained a genuine belief that his

12

actions were not unlawful. But the issue is not his subjective intent, but whether it was objectively reasonable for him to discharge the appellees. In light of the precedents cited above, particularly the Pro v. Donatucci and Assaf v. Fields decisions, we conclude that the District Court was correct in denying qualified immunity.

CONCLUSION

As to appellee Audrey Callwood, the order appealed from will be reversed. As to the appellees Patrick Sprauve, Maxwell George and Vivian Fludd, the orders appealed from will be affirmed. As to appellee Jeremiah Lee, the injunctive order appealed will be affirmed, as to the First Amendment ground only. To the extent that the District Court denied the Governor's assertion of qualified immunity, the orders appealed from will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

13