**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 21-3060

DIANE PROSPER,

Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS

On Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
(D. C. No. 1-17-cv-00020)
District Judge:  Honorable George W. Cannon

Argued on May 9, 2022

Before:  JORDAN, MATEY, and ROTH, Circuit Judges

(Opinion filed: March 29, 2023)

Martial A. Webster, Sr.      **[Argued]**
116 Queen Cross Street
Frederiksted, VI 00840

          Counsel for Appellant


Kenneth Case
Ian S.A. Clement
Michael R. Francisco      **[Argued]**
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade

GERS Complex, 2nd Floor
St. Thomas, VI 00802

      Counsel for Appellee

---

O P I N I O N*

---

**ROTH,** Circuit Judge:

Diane Prosper seeks review of the District Court's order granting the Government of the Virgin Islands's motion for summary judgment. Prosper, an African American, Caribbean female, alleged discrimination based on gender and national origin in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963. She does so because she was never promoted from Assistant Warden to Warden. The District Court found there was no disputed material fact that Prosper held a policymaking position at the Bureau of Corrections (BOC). Thus, in that capacity, she was exempt from coverage under Title VII and the Equal Pay Act. The District Court therefore entered judgment on her claims in favor of the government and against her. We will affirm, albeit on slightly different grounds.

**I.**

Prosper worked for the BOC from 1995 to 2015. She began her career as a corrections officer and worked her way up to Assistant Warden. Twice, Prosper was named Acting Warden, once from March 2008 to March 2009, and again from October

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2014 to October 2015.

Prosper alleged that, despite serving as Acting Warden for a total of two years and despite expressing interest in serving as Warden permanently, the Director of the BOC never offered her the position. Rather, following her first stint as Acting Warden, the BOC hired five Wardens, two males from the territory, two males from the mainland, and one female from the mainland. Following her second stint as Acting Warden, the BOC hired another female Warden from the mainland.

Prosper retired from the BOC in December 2015. After her retirement, Prosper filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), alleging discrimination based on gender.[1] In response, the EEOC issued Prosper a Right to Sue Letter.

After receiving the EEOC letter, Prosper sued in the District Court of the Virgin Islands, alleging discrimination based on gender and national origin in violation of Title VII and the Equal Pay Act. The defendants moved to dismiss the complaint, and, although

---

[1] Prosper's initial allegations to the EEOC pertained to pay disparity and gender discrimination. When prompted to select the alleged basis of the discrimination, she checked a box for "Sex"; she did not check the box for "National Origin." Therefore, there is a question whether Prosper satisfied Title VII's exhaustion requirement with respect to her national origin discrimination claim, and even with respect to her gender discrimination claims, as the claims Prosper brought before the District Court are arguably different from those charged in her filings with the EEOC. However, this is not a jurisdictional question. As the Supreme Court has explained, "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). Therefore, as even the defendants acknowledged, "this Court need not determine whether Appellant satisfied the administrative exhaustion requirement for her Title VII claims[,]" as this matter can be decided on other grounds. Appellees' FED R. APP. P. 28(j) Ltr. at 4.

the District Court[2] dismissed the complaint on behalf of defendants Rick Mullgrav and the BOC, it did not dismiss the complaint with respect to the Government of the Virgin Islands. In refusing to dismiss the government, the District Court reasoned that a factual dispute existed about whether Prosper was an "employee" under Title VII and the Equal Pay Act. As a result, the government moved for summary judgment. The District Court granted the motion, and Prosper appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. §§ 1981 and 1983, as applied to the U.S. Virgin Islands under 48 U.S.C. § 1561. We have jurisdiction under 28 U.S.C. § 1291.[3] We exercise plenary review over a district court's summary judgment ruling.[4]

A district court may grant summary judgment if, after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in the non-moving party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[5] The "court's function is not to weigh the

---

[2] The parties consented to have this case referred to a magistrate judge. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73. For convenience, we refer to Magistrate Judge George W. Cannon, Jr. as the District Court.

[3] Prosper sought an extension of time to file both a motion for reconsideration and a notice of appeal because she was never served with the Memorandum Opinion and Order. The District Court found good cause to grant an extension of time to file a motion for reconsideration, and later found good cause to grant an extension of time to appeal. Therefore, Prosper's appeal is timely, and we may exercise jurisdiction.

[4] *Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010); *Wheeler v. Towanda Area School Dist.*, 950 F.2d 128, 129 (3d Cir. 1991).

[5] *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009).

evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party."[6]

## III.

Policymakers are not protected by Title VII and the Equal Pay Act. A policymaking role is one filled by a person who is appointed by an elected officer to serve on a policy making level and who is not in the state or local civil service.[7] Prosper maintains that the District Court erred by finding that there was no disputed material fact that she held a policymaking position at the BOC. She argues that she is not an employee on the same level as the Director of the BOC, who is a civilian appointed by the Governor and confirmed by the Legislature. She also argues that her pay as Assistant Warden, and her pay during the periods she served as Acting Warden, was directly tied to her years of service, her education, and the training she received during her employment with BOC under the Personnel Merit System. Because she was always paid under Section 570 of Title 3 of the Virgin Islands Code, Prosper argues she was simply a career service employee and could not qualify as an exempt political appointee. Prosper's arguments are unavailing.

There is no doubt that Prosper was in a policymaking role. During her deposition, Prosper admitted that she was responsible for drafting, developing, and implementing

---

[6] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)).
[7] 42 U.S.C. § 2000e(f).

policies as the Assistant Warden.[8]  This is commensurate with the BOC's job description

for the Assistant Warden position, which includes the following duties:

> Assists in the formulation and installation of policies and methods for the treatment and custody of inmates . . ..

> Prepares recommendations for modifying rules and regulations that govern operations of the prison.[9]

Because Prosper served in a policymaking role, we must turn to whether she was subject

to the Virgin Islands' civil service laws.

When it comes to the application of civil service laws, in the Virgin Islands, public

employees are divided into two categories: (1) "career service" or (2) "exempt service,"

with exempt employees not subject to civil service laws.[10]  Career service employees are

further broken down into two subcategories: (1) "regular" and (2) "not regular."[11]  Not all

"career service" employees are entitled to civil service protections, only those who are also

"regular" employees.[12]  An employee is considered "regular" if she were appointed to her

position in accordance with the Personnel Merit System and has completed her

probationary period.[13]

---

[8] *See* Appx. at 193 ("I also did draft policies for -- I draft policies for the Bureau of Corrections as well on the consent decree team, the legal team, that I was very much a part of that. . . . ").

[9] Appx. at 296.

[10] *Iles v. de Jongh*, 638 F.3d 169, 173 (3d Cir. 2011) (citing *Martinez-Sanes v. Turnbull*, 318 F.3d 483, 487 (3d Cir. 2003)); *see also* 3 V.I.C. § 451a(c).

[11] *Iles*, 638 F.3d at 173.

[12] *Id.* at 174.

[13] *Id.*

At all relevant times, Prosper was an Assistant Warden at the BOC. Although Prosper was twice named Acting Warden, as she explains in her deposition, this is not a formal rank or position within the BOC. Therefore, even when Prosper performed tasks as Acting Warden, her official rank remained Assistant Warden. Assistant Wardens are appointed by, and serve at the pleasure of, the Governor.[14] Governor John P. de Jongh, Jr., on the recommendation of then-Acting BOC Director Julius C. Wilson, appointed Prosper to the position of Assistant Warden on February 25, 2010. Prosper's retirement paperwork shows that at her retirement she still held the rank of Assistant Warden and her employee status was unclassified.[15] The terms "unclassified" and "exempt" are interchangeable.[16]

As we have explained, an exempt employee, unlike an employee in the career service, is not subject to civil service laws and protections.[17] Even within the subcategories of career service employees, only regular employees are entitled to civil service protections.[18] Although Prosper argues that she was a career service employee, not an exempt employee, because she received a pay differential through the career incentive program, this argument has no bearing on whether Prosper was a regular employee within the career service employee category. Further, nothing in Section 570 excludes exempt employees from receiving career incentive pay, nor does it state that it exclusively applies to career service employees. Nevertheless, even if we accepted Prosper's argument that

---

[14] 3 V.I.C. § 374.
[15] Appx. at 300.
[16] 3 V.I.C. § 451a(d).
[17] *Iles*, 638 F.3d at 173.
[18] *Id.* at 174 (citing *Martinez-Sanes*, 318 F.3d at 489).

7

only career service employees are entitled to the pay differential under Section 570, this does not mean she was a "regular" employee within the career service category.[19]  Even Prosper admits that she may not have been "considered a 'regular employee' under the Personnel Merit System scheme."[20]  It is clear that because Prosper was appointed by the Governor she was not "regular."[21]

Regardless of whether Prosper was an exempt employee or a not-regular career service employee, she was not covered by the civil service laws.[22]  Thus, the District Court's determination that Prosper was not an eligible employee under either Title VII or the Equal Pay Act is correct.

## IV.

For these reasons, we will affirm the order, granting summary judgment.

---

[19] *Iles*, 638 F.3d at 173 (citing *Richardson v. Felix*, 856 F.2d 505, 509 (3d Cir. 1988)).
[20] Prosper Br. at 15.
[21] *See Williams-Jackson v. Pub. Emps. Rels. Bd.*, 52 V.I. 445, 453 (V.I. 2009) (explaining that career service regular employees must go through a competitive examination).
[22] *Iles*, 638 F.3d at 173–74.